UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES WESLEY HUNT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:07-CV-287 RM |
| | ) | |
| BRIAN MILLER, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

James Hunt, a prisoner currently confined at the Lake County Jail, submitted the complaint in this case under 42 U.S.C. § 1983, asserting violation of his federally protected rights while he was confined at the Hammond City Jail. The court screened the complaint, dismissed one defendant and several claims, and allowed Mr. Hunt to proceed against jail officials Brian Miller, Patrick McKechnie, and Ron Frey on the claims presented in paragraphs six and nine of the complaint. The defendants have filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), asserting that they are not identified in paragraphs six and nine. For the reasons stated in this opinion and order, the court denies the defendants' motion for judgment on the pleadings.

Once the pleadings are closed, a party may file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Judgment on the pleadings may be granted if the pleadings show that there are no disputed issues of material fact and that the moving party is entitled to judgment as a matter of law.

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short

> and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted).

In paragraph six of his complaint, Mr. Hunt alleges that the Hammond Jail didn't have a food service department, and that it contracted with a fast food restaurant to provide daily meals for the inmates. Mr. Hunt asserts that the meals served at the jail had no nutritional value, were high in fat, transfat, salt and other unhealthy contents, did not provide a balanced diet, and lacked fruits and vegetables. Mr. Hunt also alleges that has

a high blood pressure problem which requires him to closely monitor his diet. In paragraph nine of his complaint, Mr. Hunt alleges that after another inmate attacked him, jail officials delayed his medical treatment for over fourteen hours.

Mr. Hunt alleged in his complaint that the defendants who remain in this case were responsible for operating the Hammond City Jail and are responsible for the conditions of which he complains. Paragraphs six and nine make specific allegations that are sufficient, under Bell Atl. Corp. v. Twombly, and Alvarado v. Litscher, to give the defendants "fair notice" of the grounds on which his claims against them rest. Accordingly, the court will deny the motion for judgment on the pleadings. If some of the defendants had no responsibility for, or involvement in, one or both of the claims remaining in the complaint, they may file a motion for summary judgment based on that ground.

For the foregoing reasons, the court DENIES the defendants' motion for judgment on the pleadings (docket #45).

SO ORDERED.

ENTERED: January  16 , 2008

　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　United States District Court