UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES WESLEY HUNT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 2:07-CV-287 RM |
| ) | |
| BRIAN MILLER, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

James Hunt, a prisoner now confined at the Metropolitan Correctional Center, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the United States Marshal and Hammond City Jail officials violated his federally protected rights while he was confined at the Hammond Jail. The court screened the complaint under 28 U.S.C. § 1915A(a), granted him leave to proceed against defendants Brian Miller, Patrick McKechnie, and Ron Frey for damages on the claims presented in paragraphs six and nine of the complaint, and dismissed all other claims and defendants.

Among the dismissed claims was the complaint's first rhetorical paragraph, in which Mr. Hunt stated that when he arrived at the jail he told officials that he was preparing a prisoner civil rights complaint against Atlanta, Georgia, and requested scribe materials, postage, and other services he needed to prepare and file that complaint. He alleged that Hammond Jail officials didn't provide him any assistance. Mr. Hunt was at the Hammond Jail for 3 months, and was then transferred to the Porter County Jail.

To establish a violation of the right to access to the courts, an inmate must establish that jail officials failed to provide the assistance required by Bounds v. Smith, 430 U.S. 817 (1977), and show that he suffered actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that Bounds v. Smith did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials" Lewis v. Casey, 518 U.S. at 2181 n. 4 (emphasis in original). Standing alone, delay and inconvenience don't rise to the level of a constitutional deficiency. Campbell v. Miller, 787 F.2d 217, 229 (7th Cir. 1986).

The court concluded that it did not appear that the defendants violated Mr. Hunt's federally protected rights because delay and inconvenience do not rise to the level of a constitutional deficiency. That Mr. Hunt may have been delayed in filing his complaint states no claim upon which relief can be granted. So long as Mr. Hunt was able to prepare and file his complaint within the statute of limitations, Hammond Jail officials did not deny him access to the courts.

Mr. Hunt has moved to reconsider the dismissal of this claim, arguing that "(t)he lack of access to the court involved a substantial systemic deprivation of my access to the court rights, by both the United States Marshal Service and the administration of [the] Hammond Jail who acted in concert to shut the door to the court." (Motion to Reconsider at p. 2). He states that he "had a 300 plus page complaint, with over 400 pages of exhibits, and 700 pages of scientific evidence to send to the United States District Court, Northern

2

District of Georgia" (*Id.* at p. 3), but that the defendants did not give him scribe materials, postage, and packaging.

Mr. Hunt has also filed a complaint against Lake County Jail officials, 2:07cv375 RM, dealing with his Northern District of Georgia case. In that complaint, he alleges that Lake County officials and Federal employees didn't cooperate in enabling him to mail his "massive prisoner complaint." He states that he sold his dinner and lunch trays for 30 days to get the necessary envelopes and postage.

Mr. Hunt asserts that the defendants' actions were more than a delay or inconvenience. But to suffer Constitutional harm, they would have had to delay Mr. Hunt past the statute of limitations, or cause him never to be able to file his complaint for some other reason. Mr. Hunt does not suggest that the defendants' actions put him at risk of missing the statute of limitations, and he attached a letter to his supplemental complaint, in 3:07cv375RM, dated December 11, 2007, from the clerk of the United States District Court for the Northern District of Georgia advising Mr. Hunt "[t]his [letter] will acknowledge receipt of your complaint. We have this day filed your documents (all ten envelopes)." 2:07cv375 RM (Docket # 16-8). Thus, the record in 2:07cv375 RM establishes that while the defendants in this case may have made things difficult for Mr. Hunt and delayed the filing of his massive complaint, but the complaint was filed within the statute of limitations and would have probably been within the statute of limitations if he had waited until he got to the Metropolitan Correctional Center to file it. That Mr. Hunt may have elected to sell food to other inmates to support his habit of filing outsized complaints containing surplusage

3

does not constitute constitutional harm.

For the foregoing reasons, the court, the court DENIES the plaintiff's motion to reconsider the dismissal of his access to court claim (docket #75).

SO ORDERED.

ENTERED: April  28 , 2008


       /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court