UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES WESLEY HUNT, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CAUSE NO. 2:07-CV-287 RM |
| BRIAN MILLER, *et al.*, | ) ) | |
| Defendants | ) ) | |

OPINION AND ORDER

James Hunt, a prisoner currently confined at the Metropolitan Correctional Center, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that the United States Marshal and Hammond City Jail officials violated his federally protected rights while he was confined at the Hammond Jail. The court screened the complaint, pursuant to 28 U.S.C. § 1915A(a). granted him leave to proceed against defendants Brian Miller, Patrick McKechnie, and Ron Frey for damages on the claims presented in paragraphs six and nine of the complaint, and dismissed all other claims and defendants.

Among the dismissed claims was the complaint's third rhetorical paragraph, in which Mr. Hunt stated that the jail had no medical service department, that the only medical care the jail provides are over-the-counter medications, and that inmates who are on prescription medication are told to have their families bring the medication to the jail. The court held that :

> Mr. Hunt does not allege that he suffered any actual harm from not having a medical evaluation when he arrived at the Hammond Jail, and that a nurse was not on hand to conduct an intake evaluation states no claim upon which relief can be granted. Similarly, that a small jail has no full time medical staff, by itself, states no Eighth Amendment claim upon which relief can be

>granted — though failure to otherwise provide for inmates' medical care might. Accordingly, the court will dismiss the claims presented in rhetorical paragraphs three and eleven of the complaint.

Docket Entry #9 at p. 6.

Mr. Hunt has moved to reconsider the dismissal of this claim, stating that he suffers from hypertension, that he had been prescribed medication to deal with this problem, and that defendant Frey told him to have his family bring the medication to the jail. Mr. Hunt says he didn't have any money, that he had no family in the area, that he couldn't get his medication, and that he suffered actual harm from lack of medication because his blood pressure rose to unhealthy levels. In the portion of his original complaint dealing with the diet the jail provided inmates, Mr. Hunt stated that he had high blood pressure and that his blood pressure rose while he was at the jail.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

The original complaint asserted actual injury because his blood pressure rose while he was at the jail. He also alleged that jail officials would not provide prescribed medication to indigent inmates though he did not specifically allege that he was one of the

2

inmates who suffered from this policy. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

In its screening order, the court noted that the absence of a full time jail medical staff, by itself, states no Eighth Amendment claim upon which relief can be granted — though failure to otherwise provide for inmates' medical care might. Giving him the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that Mr. Hunt can prove no set of facts consistent with his claim that refusal to provide him with prescribed medication constituted an Eighth Amendment failure to treat his serious medical needs. Accordingly, the court will grant Mr. Hunt's motion to reconsider the dismissal of his medical treatment claim to the extent that it will allow him to proceed on his claim that jail officials would not provide him prescribed medication for a serious medical need even though he was indigent and could not obtain the medication for himself. That the jail did not have a medical service department and did not conduct an intake physical when he arrived at the jail still states no claim upon which relief can be granted.

For the foregoing reasons, the court GRANTS the plaintiff's motion to reconsider the dismissal of his medical treatment claim (docket #76) to the extent that it will allow him to proceed on his claim, contained in paragraph three of his complaint, that jail officials, would not provide him with prescribed medication for a serious medical need even though

3

he was indigent and could not obtain the medication for himself. The court AFFORDS the defendants to and including June 6, 2008, within which to respond to this allegation.

SO ORDERED.

ENTERED: May  6 , 2008

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court