UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES WESLEY HUNT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:07-CV-287 RM |
| | ) | |
| BRIAN MILLER, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

James Hunt, a prisoner at the Metropolitan Correctional Center in Chicago, Illinois,

submitted the complaint in this case under 42 U.S.C. § 1983, asserting violation of his

federally protected rights while he was confined at the Hammond City Jail. The court

screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed one defendant and

several claims, and allowed Mr. Hunt to proceed against Hammond Police Chief Brian

Miller and Hammond Jail officials Patrick McKechnie, and Ron Frey on the claims

presented in paragraphs six and nine of the complaint. Later, the court granted Mr. Hunt's

motion to reconsider the dismissal of the claims presented in paragraph three of his

complaint.

The defendants moved for judgment on the pleadings, asserting that the complaint

did not identify them as being responsible for the actions Mr. Hunt alleges violated his

Federally protected rights. The court denied the motion, but said that if any of the

defendants had no responsibility for or involvement in the claims raised by the complaint

they could file a motion for summary judgment based on that ground. Defendant Miller

has now moved moved for summary judgment on , pursuant to FED R. CIV. P. 56, asserting

that he has no personal involvement in, or responsibility for, the events Mr. Hunt alleges

violated his federally protected rights. For the reasons that follow, the court grants

defendant Miller's motion for summary judgment.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Ranochakio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

The only relief Mr. Hunt seeks in his complaint is damages. Section 1983 creates a

cause of action for damages based on personal liability. A person cannot be held liable

under § 1983 unless the person was personally involved in the alleged wrongdoing. A

plaintiff must allege facts showing the defendant's participation or direct responsibility for

the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th

Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

Chief Miller submits an affidavit in support of his motion for summary judgment in which he states that he did not participate in, direct or supervise Mr. Hunt's incarceration at the Hammond City Jail. He also disclaims responsibility for the jail's day-to-day operation, including providing food to inmates at the jail.

Mr. Hunt hasn't responded to defendant Miller's motion for summary judgment. In a response to the defendants' motion for judgment on the pleadings, Mr. Hunt stated that he "never met the Chief, Brian Miller, and though he was the one in charge, it was the other defendants Frey and McKechnie, who acted with deliberate indifference towards the plaintiff . . .." (Docket #69 at p. 1). Mr. Hunt concluded that "Patrick McKechnie and Ron Frey must be held responsible both individually and in their official capacities." (Docket #69 at p. 2).

Because Chief Miller met his initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Hunt to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the question of whether Chief Miller was personally involved in the claims before the court. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Although in Docket #74, Chief Miller provided Mr. Hunt with an extensive

warning, pursuant to <u>Kincaid v. Vail</u>, 969 F.2d 594 (7th Cir. 1992), <u>Timms v. Frank</u>, 953 F.2d 281 (7th Cir. 1992), and <u>Lewis v. Faulkner</u>, 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing his dispositive motion, Mr. Hunt has not responded and, in docket #69, he appears to agree that Chief Miller had no responsibility for the events of which he complaints.

For the foregoing reasons, the court GRANTS defendant Brian Miller's motion for summary judgement (docket # 72).

SO ORDERED.

ENTERED: August __14__, 2008

       ___/s/ Robert L. Miller, Jr.___
       Chief Judge
       United States District Court